IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEONARD HENRY, :
:
    Petitioner, :
: CIVIL NO. 3:CV-09-644
  vs. :
: (Judge Vanaskie)
RONNIE R. HOLT, :
:
    Respondent. :

## MEMORANDUM

Leonard Henry, an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his conviction for possession of a machine gun under 18 U.S.C. § 922(o)(1). Henry has paid the required filing fee. The petition is now before the Court for screening. See 28 U.S.C. § 2243. For the reasons that follow, Henry's Petition (Dkt. Entry # 1) will be dismissed for lack of jurisdiction.

## Background

According to Petitioner, he and co-defendants were arrested in Miami, Florida, on February 26, 1993, as they "prepared to rob a shipment of cocaine due to arrive at a Columbian drug dealer's house." Dkt. Entry # 2, p. 2. During the arrest, United States Bureau of Alcohol, Tobacco, and Firearm ("ATF") agents searched a vehicle operated by Petitioner and a co-defendant and found a 9 millimeter Uzi semi-automatic rifle; an Intertec 9 millimeter

semi-automatic pistol; a Beretta 25 caliber semi-automatic pistol; and three silencers. Additional firearms, including a 9 millimeter pistol, were recovered from a vehicle driven by other co-defendants. A ten (10) count superceding indictment filed in the United States District Court for Southern District of Florida charged Henry and his co-defendants with a number of drug and firearm related offenses.

On November 4, 1994, a jury in the Southern District of Florida found Petitioner guilty of all counts, including Count Three which charged him with possession of a machine gun in violation of 18 U.S. C. §§ 922(o)(1), 924(a)(2), and 2. See Dkt. Entry # 1, ¶ 3. The convictions resulted in an aggregate term of life imprisonment plus thirty (30) years. Petitioner states that he unsuccessfully appealed his conviction to the United States Court of Appeals for the Eleventh Circuit. Henry also indicates that he filed a petition for relief pursuant to 28 U.S.C. § 2255, which was denied by both the trial court and the Court of Appeals.[1]

With respect to his pending request for federal habeas corpus relief, Petitioner summarizes that "[t]he principal issue here is whether the SWD 9 millimeter constitutes [a] proscribed machine gun." See Dkt. Entry # 2, p. 3. Henry asserts that he is actually innocent of the possession of a machine gun charge in that the government failed to satisfy its burden of proof because it did not establish that the recovered SWD fell within the statutory definition

---

[1] Henry has also filed two (2) petitions for writs of certiorari, which were denied by the United States Supreme Court. See Henry v. United States, 540 U.S. 1156 (2004), and Henry v. United States, 129 S. Ct. 615 (2008).

of a machine gun or that Petitioner had knowledge that the weapon was automatic as opposed to semi automatic.

Discussion

Section 2241 habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.). The Rules are applicable to § 2241 petitions under Rule 1(b). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). In pertinent part, Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." In this case, it is apparent from the face of the petition that Henry cannot seek habeas relief in this Court.

As previously noted, Petitioner argues that he is entitled to bring his present claims in a § 2241 petition because he is contending that he is actually innocent of the charge that he possessed a machine gun. See Dkt. Entry # 1, ¶ 13(a). Henry indicates that his direct appeal similarly argued that the government produced insufficient evidence upon which a reasonable jury could find him guilty of possessing a machine gun. See Dkt. Entry # 1, ¶ 6(c)(1).

When challenging the validity of a federal conviction, and not the execution of his

sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence") A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 2009 WL 1020218, at *2 (3d Cir. Apr. 16, 2009).

Petitioner is clearly challenging the validity of his conviction and sentence. Thus, he must do so by following the requirements of § 2255. In that it appears that he has already

unsuccessfully sought § 2255 relief, he must obtain certification from the Court of Appeals to file another collateral challenge to his conviction and sentence. The fact that he is unlikely to secure such a certification does not render the § 2255 process "inadequate or ineffective." Likewise the fact that both the District Court and the Court of Appeals previously denied his present argument does not make his claim cognizable in a § 2241 action. Petitioner's assertion of actual innocence does not authorize this Court to consider his habeas corpus petition. His claim is not based upon the contention that his conduct is no longer criminal as a result of some change in the law. Nor has he shown that he was unable to present this fact-based claim that the weapon in question was not a machine gun at trial, on direct appeal, or in his § 2255 proceedings. As recognized by the Hon. Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." Clearly, Henry's claim does not fall within the Dorsainvil exception. See Levan v. Sneizek, No. 08-4116, 2009 WL 997442, at *2 (3d Cir. April 15, 2009); Smith v. Snyder, 48 Fed. Appx. 109, 110-11 (6th Cir. 2002).

Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed for lack of jurisdiction. Of course, this dismissal has no effect on Petitioner's right to file a section 2255 motion in the United States District Court for the Southern District of Florida, provided Henry first obtains authorization from the Eleventh Circuit to do so. An appropriate Order follows.

Conclusion

For the reasons stated, the present § 2241 petition will be dismissed for lack of jurisdiction. An appropriate Order follows.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEONARD HENRY, :
:
    Petitioner, :
: CIVIL NO. 3:CV-09-0644
  vs. :
: (Judge Vanaskie)
RONNIE R. HOLT, :
:
    Respondent. :

## ORDER

NOW, THIS 9th DAY OF JUNE, 2009, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. The Petition for a Writ of Habeas Corpus (Dkt. Entry # 1) is DISMISSED.

2. The Clerk of Court shall mark this matter CLOSED.

                                  s/ Thomas I. Vanaskie
                                  Thomas I. Vanaskie
                                  United States District Judge